UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EARL BENSON,

                              Plaintiff,

v.                                               **DECISION AND ORDER**
                                                                 05-CV-784S

SERGEANT ROBERT J. YAEGER,
OFFICER MICHAEL A. KIBLER and
CITY OF BATAVIA,

                              Defendants.

## I. INTRODUCTION

Presently before this Court is Plaintiff Earl Benson's post-trial motion, challenging a jury's verdict that he failed to prove that Defendants violated his Fourth Amendment rights by using excessive force to effectuate his arrest or committed battery in violation of New York State law. Plaintiff seeks judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure ("FRCP"), alleging that there is insufficient evidence to support the verdict. Alternatively, Plaintiff seeks a new trial pursuant to Rule 59 of the FRCP, arguing that the jury's verdict was against the weight of the evidence and that the jury instructions were erroneous. For the reasons below, Plaintiff's motion is denied.

## II. BACKGROUND

Plaintiff brought this action against Sergeant Robert J. Yaeger and Officer Michael A. Kibler, both of the Batavia Police Department, for violating his Fourth Amendment rights on March 13, 2005, when Yaeger and Kibler allegedly used excessive force to arrest him. Plaintiff also brought a claim for assault and battery against Defendants Yaeger, Kibler, and the City of Batavia under New York State law. Trial began on May 3, 2010, and ended

1

on May 7, 2010, with the jury returning a verdict in Defendants' favor. Plaintiff filed the instant motions on June 25, 2010, within 28 days of the entry of judgment, as required by Rules 50(b) and 59(b). That same day, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit.

### III. DISCUSSION

**A.     Jurisdiction**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982); see also United States v. Camacho, 302 F.3d 35, 36 (2d Cir. 2002). An exception to this general rule is carved out in the Federal Rules of Appellate Procedure, which provides that

> [i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

FED. R. APP. P. 4(a)(4)(B)(i). Rule 4(a)(4)(A) includes motions "for judgment under Rule 50(b)" and "for a new trial under Rule 59." FED. R. APP. P. 4(a)(4)(A)(i), (v).

Here, because Plaintiff timely filed his post-trial motions, they suspended the effectiveness of his notice of appeal. This Court therefore has not been divested of jurisdiction over Plaintiff's instant motions and will address each one in turn.

2

**B.     Post-trial Motion for Judgment as a Matter of Law**

A post-trial motion for judgment as a matter of law is governed by Rule 50, which provides in relevant part:

> **(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59 . . . .

FED. R. CIV. P. 50(b).

Additionally, "[a] motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury." Exxon Shipping Co. v. Baker, --- U.S. ----, 128 S. Ct. 2605, 2617 n.5, 171 L. Ed. 2d 570 (2008). A court may nonetheless grant judgment as a matter of law where no Rule 50 motion was made if failing to do so would constitute manifest injustice. Stephenson v. Doe, 332 F.3d 68, 76 (2d Cir. 2003).

Judgment as a matter of law is appropriate where "the evidence, viewed in the light most favorable to the [non-moving] party, is insufficient to permit a reasonable juror to find" in the non-moving party's favor. Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998); see also FED. R. CIV. P. 50(a)(1). In ruling on such a motion, the court "may not weigh the credibility of witnesses or otherwise consider the weight of the evidence," rather, the court "must give deference to all credibility determinations and

reasonable inferences of the jury." Kinneary v. City of New York, 601 F.3d 151, 155 (2d Cir. 2010) (citation omitted). The Second Circuit has instructed that judgment as a matter of law should not be granted "unless (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]." Galdieri-Ambrosini, 136 F.3d at 289 (citation omitted).

Here, Plaintiff seeks to renew his earlier request for judgment as a matter of law on the basis that there was a lack of evidence supporting the verdict and that, further, Plaintiff's medical evidence was so overwhelmingly in his favor that it could not lead to a verdict against him.

As an initial matter, Defendant argues that Plaintiff did not move for judgment as a matter of law on this or any basis at trial before the case was submitted to the jury. But both the docket and trial transcript reveal that Plaintiff did make this motion, at least with regard to his state law claim. (Minute Entry, Docket No. 75; Trial Tr., Docket No. 96, pp. 3–5.) At the close of all evidence, Plaintiff moved "[u]nder Rule 50 for a judgment in favor of the plaintiff on at least the state claim." (Trial Tr., Docket No. 96, p. 3.) Following Plaintiff's application and Defendant's response, this Court denied Plaintiff's Rule 50 motion and found, "with respect to the matter of the battery claim[,] that there is available evidence and position for a reasonable jury to have a legally sufficient basis to find really either way on the issue." (Trial Tr., Docket No. 96, pp. 4–5.) The Court then ruled, in relevant part, that "[a]ll claims then, at least at this point, will be submitted to the jury." (Trial Tr., Docket No. 96, p. 5.)

Plaintiff now requests judgment as a matter of law based on the same grounds as in his original motion. Exxon, 128 S. Ct at 2617 n.5. It is not clear that Plaintiff included his federal claim in his initial request for judgment as a matter of law, nonetheless, this Court effectively ruled on "all claims" when it denied Plaintiff's original Rule 50 motion. (Id.) Further, even if Plaintiff did not include his federal claim in that request, this Court finds that the evidence at trial was more than sufficient to sustain the jury's verdict in Defendants' favor. Stephenson, 332 F.3d at 76.

To some degree, the parties' respective witnesses testified to different accounts of Plaintiff's arrest. Additionally, the parties' respective medical experts gave differing opinion testimony regarding the causation of Plaintiff's injuries. But this does not mean that the jury's verdict lacked factual foundation. The evidence and testimony that Defendants offered supported the jury's verdict, including both Plaintiff's federal and state law claims. It is the jury's function to credit and resolve competing accounts and judge the credibility of witnesses. See Heller v. Champion Intern. Corp., 891 F.2d 432, 436 (2d Cir. 1989) (noting that "the jury was entitled to disregard [one witness's] testimony and believe other witnesses . . . [c]redibility issues of that nature are for the jury not the court to resolve"). The fact that they did so in Defendants' favor in this case does not entitle Plaintiff to judgment as a matter of law. See Pan American World Airways, Inc. v. Port Auth., 995 F.2d 5, 8 (2d Cir. 1993) (noting that where the evidence "raises a question such that reasonable [persons] might reach different conclusions, judgment as a matter of law is improper" (internal quotation marks and citation omitted)). Plaintiff's motion is therefore denied.

### C. Motion for a New Trial

A Motion for a New Trial is governed by Rule 59, which provides, in relevant part:

> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
>
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.

FED. R. CIV. P. 59(a)(1)(A).

Generally, a court should not grant a new trial unless it is convinced "that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (citation omitted). Thus, "the court should only grant such a motion when the jury's verdict is egregious." DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 134 (2d Cir. 1998) (internal quotation marks and citation omitted). However, "[u]nlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict. Moreover, a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner." Id. Additionally, a new trial is warranted where "errors are likely to have had a substantial effect on the jury's resolution of the factual disputes at trial." Nimely v. City of New York, 414 F.3d 381, 392 (2d Cir. 2005).

Plaintiff first argues that a new trial is warranted because Defendants' account of Plaintiff's arrest and the events thereafter is contradicted by undisputed medical evidence. Plaintiff contends that Defendants' testimony is fraught with contradictions, allegedly evidencing a sequence of events that is suspiciously favorable to Defendants and not objectively credible.

Plaintiff's account of his injuries, including the cause of them and the force required to inflict them, as well as his account of the incident at issue, differ significantly from what Sergeant Yaeger, Officer Kibler, and Defendants' expert witness testified to. Plaintiff notes the disparity between his treating surgeon's opinion regarding his injuries and the opinion of Defendants' expert witness, and further points to several contradictions within Defendants' and Dispatcher Daniel Rieks's testimony. But there is nothing egregious about a jury rejecting the testimony of one witness in favor of a competing version of events. This is, in fact, the jury's role. Again, credibility determinations are the purview of the jury and "a court should rarely disturb a jury's evaluation of a witness's credibility." DLC Mgmt. Corp., 163 F.3d at 134. The jury credited Defendants' version of events in this case and Plaintiff has presented no cause to disturb the jury's verdict by ordering a new trial.

While the standard for granting a Rule 59(a) motion for a new trial is more lenient than that for granting judgment as a matter of law, it is still improper for the Court to grant a new trial when "resolution of the issues depend[s] on assessment of the credibility of the witnesses." United States v. Landau, 155 F.3d 93, 105 (2d Cir. 1998) (citation omitted). The jury was entitled to credit Defendants' medical expert testimony and discredit Plaintiff's evidence in whole or in part and this Court will not disturb that assessment.

Plaintiff also argues that a new trial is warranted because of allegedly erroneous jury instructions pertaining to his state law battery claim. Plaintiff contends that, pursuant to the jury instructions, he was required to show that Defendants' conduct was reckless or intentional. Plaintiff asserts that while this is the proper standard for his federal law claims, his state law claim required only a showing of "unreasonable" force.

This argument is without merit. The battery charge used at trial was the one that Plaintiff himself requested: New York Pattern Jury Instruction 3:4. Plaintiff concedes that he did not object to this charge either at the charge conference or after it was given to the jury. (Plaintiff's Memorandum, Docket No. 86-2, p. 4.) Moreover, contrary to Plaintiff's argument, the charge used correctly relays the reasonableness standard regarding the use of force and does not discuss or impose a reckless or intentional standard. In relevant part, the charge states as follows:

> One who seeks to make a lawful arrest has the right to use as much force as he reasonably believes necessary in order to make the arrest and can be held liable only if the force used was excessive.

As such, Plaintiff's Motion for a New Trial must be denied.

## IV. CONCLUSION

For the forgoing reasons, this Court finds no grounds on which to grant Plaintiff's Motion for Judgment as a Matter of Law or, alternatively, his Motion for a New Trial. Both motions are therefore denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment as a Matter of Law or, in the alternative, for a New Trial (Docket No. 87) is DENIED.

SO ORDERED.

Dated: November 18, 2010
       Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                                Chief Judge
                                       United States District Court